Filed 8/11/22  P. v. Wilson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C095785 |
| v. | (Super. Ct. No. 21CF03885) |
| NATHAN DUANE WILSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Nathan Duane Wilson asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Defendant and M.P. were in a dating relationship for approximately 12 years and had two children together.  They got into an argument during which defendant threw M.P. around, dragged her by her hair, and punched her in the face.  One of the children

1

witnessed the assault.  That child reported defendant had also hit him and grabbed him by the neck during the assault on M.P.  Both M.P. and the child had injuries.

The trial court denied defendant's application for mental health diversion (Pen. Code, § 1001.36),[1] and defendant pleaded no contest to inflicting corporal injury on the mother of his children (§ 273.5, subd. (a)) and misdemeanor cruelty to a child, endangering the child's health (§ 273a, subd. (b)).  On the People's motion, the trial court dismissed the remaining charges with a *Harvey*[2] waiver.

At the January 2022 sentencing, the trial court read and considered the probation report and noted the report included "a criminal history which I understand is taken directly from the [CLETS] printout and DMV printout and those are reliable sources for the criminal record and I do find that those are reliable."  The trial court indicated its intended sentence was the upper term, and then heard from the parties.  Defense counsel argued for either the lower or middle term based on a variety of factors, including defendant's mental health problems and childhood trauma.  Defense counsel did not object to reliance on the probation report.  The People argued for the upper term based on, among other things, defendant's criminal record.  The trial court found the following factors in aggravation:  defendant's prior criminal history; his unsuccessful prior performance on parole and probation; his numerous prior convictions of increasing seriousness; and his prior prison term.  The trial court also considered defendant's history of childhood trauma as argued by defense counsel as a mitigating factor under 1170, subdivision (b)(6), but found the aggravating circumstances outweighed the mitigating circumstances.  Accordingly, the trial court sentenced defendant to the upper term of four

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

years for the corporal injury conviction, plus a concurrent six months for the misdemeanor cruelty conviction.

Approximately one month later, after reviewing the reporter's transcript of the sentencing hearing, the trial court recalled the sentence under section 1170, subdivision (d) and ordered the matter on calendar for resentencing. At the resentencing hearing, the trial court stated its intention to again impose the upper term. The trial court again indicated it had read and considered the probation report and the parties asked the trial court to incorporate their arguments from the prior sentencing hearing. The trial court noted that defendant had not stipulated to the existence of aggravating factors nor had a jury found them true, as required by section 1170, subdivision (b). But, the trial court said it was allowed to consider defendant's prior convictions based on a certified record of conviction under section 1170, subdivision (b)(3). And, according to the trial court, it was also permitted under that subdivision to consider the facts of defendant's criminal history, including his prior unsuccessful performance on probation or parole, his numerous prior convictions of increasing seriousness, and his prior prison term. The trial court again found those circumstances to be factors in aggravation.

The trial court also considered defendant's childhood trauma and mental health problems as potential mitigating factors under section 1170, subdivision (b)(6), but concluded the imposition of the lower term would not be in the interests of justice because the aggravating factors outweighed the factors in mitigation. The trial court again sentenced defendant to the upper term of four years for the corporal injury conviction, plus a concurrent six months for the misdemeanor cruelty conviction. The trial court ordered defendant to pay various fines and fees and awarded defendant 429 days of custody credit.

Although defense counsel argued for consideration of defendant's childhood trauma and mental health problems, defense counsel did not object to the trial court's

3

interpretation of the amendments to section 1170, subdivisions (b)(2), (b)(3), and (b)(6), which were in effect at the time, or to the sentence imposed.

Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                    /S/
                              MAURO, J.



We concur:



     /S/
ROBIE, Acting P. J.



     /S/
RENNER, J.